KNICKERBOCKER TRUST CO. v. HARD et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

CONTRACT—ENFORCING SUBSCRIPTION TO STOCK—COMPLAINT—GROUND OF AC-
TION.

> Plaintiff, at the request of the defendants, loaned money to a tele-
> phone company on the company's note, and an agreement was made be-
> tween the company, the plaintiff, and the defendants that the loan was
> the total amount of the subscriptions for the stock of the company taken
> by the defendants, and that the subscriptions were to be payable when
> the note to plaintiff became due, and to be made to the plaintiff; and
> it was further provided that, in case of the failure of any subscribers
> to make payment, the remaining subscribers should be jointly and sev-
> erally liable to pay such subscription. Certificates of stock were to be
> issued by the company to the subscribers, and such certificates were
> to be deposited with plaintiff, to be sold by plaintiff on a failure to pay
> the subscriptions, and the proceeds applied to the payment of the note.
> The company defaulted in payment, as did all but two of the defend-
> ants, and, their stock having been sold, and the proceeds applied to the
> note, action to recover the balance was brought on · the agreement.
> *Held*, that a complaint alleging such facts stated a cause of action on
> the agreement, and that it was not an action to enforce the payment
> of the defendants' subscriptions, which were void, for the subscribers'
> failure to comply with a statutory requirement.

Appeal from special term, New York county.

Action by the Knickerbocker Trust Company against George M.
Hard and others. From an interlocutory judgment overruling a
demurrer to the complaint, the defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

Ralph Wolf, for appellants.
Herbert Barry, for respondent.

PATTERSON, J. This appeal is from an interlocutory judgment
overruling a demurrer to the complaint, the ground of the demurrer
being that it appeared upon the face of the complaint that it did
not state facts sufficient to constitute a cause of action. The alle-
gations of the complaint are to the effect that the plaintiff made a
loan of $20,000 to the Smith-Vassar Telephone Company, which
loan was made at the request of the individuals who are defend-
ants in this action; that the telephone company made and delivered
to the plaintiff its promissory note for the amount of the loan, and
an agreement in writing was executed between the telephone com-
pany, the plaintiff, and the individual defendants, a copy of which
agreement is annexed to the complaint, and made a part thereof,
and by which it was stipulated that the plaintiff should loan to the
telephone company the amount mentioned, being the total amount
of the subscriptions at par for shares of stock of the telephone
company agreed to be taken by the several defendants; that those
defendants severally subscribed for and agreed to take at par the
number of shares set opposite their respective names (20 shares
each), such subscriptions to be payable when the note given by the

telephone company became payable, and payment of the subscriptions was to be made to and become enforceable by the plaintiff. The telephone company assigned the subscriptions to the plaintiff as security for the payment of the note, and it was further provided in the agreement as follows: "In case of the failure of any subscriber to make payment to the trust company as hereinbefore provided, the remaining subscribers shall be liable jointly and severally to pay such subscription." It was also provided in the agreement that certificates of stock should be issued by the telephone company to each of the subscribers, and that those certificates should be deposited with the plaintiff, and in case of the failure of either of the individual defendants to pay his subscription as provided in the contract the certificates of stock might be sold by the plaintiff, and the proceeds applied to the payment of the note. After certain renewals of the note, the telephone company defaulted in payment. The individual defendants were called upon to comply with the terms of their agreement. They all failed to do so but two. Thereupon the shares of stock of the defaulting defendants were sold, and the proceeds applied in reduction of the indebtedness on the note, and subsequently this action was brought upon the agreement. The demurrant has treated the action as if it were one brought solely to enforce the subscriptions of the individual defendants to the stock of the telephone company, and claims that the plaintiff is in no better position respecting such enforcement than the telephone company would have been had the action been instituted by it. That the telephone company could not have recovered in such an action is conceded, because by the forty-first section of the stock corporation law it is peremptorily required that where stock is issued for money every subscriber shall pay in cash at the time of his subscription 10 per cent. upon the amount subscribed by him, and that no subscription shall be received or taken without such payment. No valid contract of subscription existed unless 10 per cent. was paid at the time of subscription. That proposition is not disputed by the respondent, but it is insisted that from all that appears the shares subscribed for by the defendants here were what is called "treasury stock," and that a presumption will be indulged in that such stock was not an original issue to be paid for in cash. There is no room for such a presumption in this case, nor is it important that the nature of the subscriptions should be determined. Taking all the allegations of the complaint in connection with the tripartite agreement, it is evident that the action is brought upon that agreement against these defendants upon their individual promises. They are original promises, made to the plaintiff, who advanced money at the request of the promisors upon the distinct stipulation that those promisors would, in a certain event, pay to the plaintiff sums of money at a certain time, in order that a fund might be provided for the payment of the indebtedness of the payee of the note in case the note were dishonored at its maturity. As the complaint is susceptible of the construction we have given it, the demurrer was properly overruled.

The interlocutory judgment must therefore be affirmed, with costs,

with leave to the appellant to withdraw the demurrer and interpose an answer, on payment of costs in this court and in the court below. All concur.